## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**CURTIS GORDON (#080114)**                                  **CIVIL ACTION**

**VERSUS**

**PUBLIC SAFETY AND CORRECTIONS, ET AL.**        **NO. 16-0504-JWD-EWD**

### RULING

On October 12, 2016, pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g), the Court determined that Plaintiff was not entitled to proceed *in forma pauperis* in this case and ordered him to pay, within 21 days, the full amount of the Court's filing fee.  R. Doc. 4.  Plaintiff was placed on notice that a failure to comply with the Court's Order "shall result in the dismissal of Plaintiff's Complaint without further notice from the Court."  *Id.*

In accordance with 28 U.S.C. § 1915, a prisoner filing a civil action or appeal in federal court may be granted *in forma pauperis* status but is nonetheless required to pay the full amount of the Court's filing fee over time in incremental installments.  However, such incremental payments are not allowed and pauper status shall be denied where the prisoner has filed, on at least three prior occasions while incarcerated, actions or appeals that have been dismissed as legally baseless.  Specifically:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In the instant case, Plaintiff has, on three or more prior occasions while incarcerated, brought actions or appeals in the federal courts that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted.[1]  Accordingly, pursuant to *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996), and 28 U.S.C. § 1915(g), this Court directed Plaintiff to pay the full amount of the Court's filing fee within 21 days.   A review of the record by the Court reflects that Plaintiff has failed to pay the filing fee as ordered.[2]   Accordingly,

**IT IS ORDERED** that the above-captioned proceeding be dismissed, without prejudice, for failure of Plaintiff to pay the Court's filing fee.

Judgment shall be entered accordingly.

Baton Rouge, Louisiana, this   26th   day of January, 2017.

**JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT JUDGE**

---

1.  Cases or appeals filed by the plaintiff that have been dismissed by the federal courts as frivolous, malicious or for failure to state a claim include, but are not limited to, *Curtis Gordon v. Frank Mayberry, et al.*, Civil Action No. 93-0499-FJP-SCR (M.D. La.), *Curtis Gordon v. John P. Whitley, et al.*, Civil Action No. 93-0856-FJP-SCR (M.D. La.)(counting as two strikes because appeal also dismissed as frivolous), *Curtis Gordon v. John P. Whitley, et al.*, Civil Action No. 93-0878-FJP-SCR (M.D. La.), *Curtis Gordon v. Sgt. McKnight, et al.*, Civil Action No. 94-0001-FJP-SCR (M.D. La.), *Curtis Gordon v. A. J. Dunn, et al.*, Civil Action No. 94-0039-FJP-SCR (M.D. La.), *Curtis Gordon v. Sgt. Fontaine, et al.*, Civil Action No. 94-0040-FJP-SCR (M.D. La.)(appeal dismissed as frivolous), *Curtis Gordon v. R. White, et al.*, Civil Action No. 94-0086-FJP-CN (M.D. La.), *Curtis Gordon v. John P. Whitley, et al.*, Civil Action No. 94-1698-FJP-CN (M.D. La.), *Curtis Gordon v. A. J. Dunn, et al.*, Civil Action No. 94-2586-JVP-CN (M.D. La.), *Curtis Gordon v. J. L. Bolden, et al.*, Civil Action No. 95-0158-JVP-SCR (M.D. La.), and *Curtis Gordon v. J. L. Bolden, et al.*, Civil Action No. 95-0594-JVP-CN (M.D. La.).

2  The record reflects that on or about November 1, 2016, Plaintiff submitted an Objection in response to the Court's determination that he was not entitled to proceed as a pauper in this case. *See* R. Doc. 5.  Plaintiff's Objection, however, was not filed into the record because Plaintiff failed to comply with Local Rule 5(e) of this Court and submit his Objection for electronic transmission to the Court for filing.  In addition, notwithstanding notice and an opportunity to re-submit his Objection, Plaintiff has not done so.